**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------- X

Joel Grunfeld, individually and on behalf of      :
all others similarly situated,                              :
                                                                        :
                                 Plaintiff,                      :         Civil Action No. 7:19-cv-11781 (KMK)
            - v -                                                   :
                                                                        :         ***Electronically Filed***
TransUnion, LLC,                                         :
U.S. Bank, N.A.,                                           :
and John Does 1-25.                                      :
                                                                        :
                                 Defendants.               :
                                                                        :
----------------------------------------------------- X

**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MEMORANDUM OF**
**LAW IN SUPPORT OF ITS MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO**
**<u>STAY THE ACTION IN FAVOR OF INDIVIDUAL ARBITRATION</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ........................................................................................................ 1

II.   FACTUAL BACKGROUND ...................................................................................... 1

      A.    The Parties .......................................................................................................... 1

      B.    The Controlling Lease Agreement Provides for the Arbitration of All
            Disputes on an Individual Basis. .................................................................... 2

      C.    Plaintiff Filed This Action and, in so Doing, Ignored His Agreement to
            Arbitrate His Disputes with U.S. Bank. ....................................................... 5

      D.    U.S. Bank Has Elected to Proceed with Arbitration. .............................. 6

III.  ARGUMENT ................................................................................................................ 6

      A.    The Court Should Grant U.S. Bank's Motion to Compel Arbitration. ...... 6

      B.    The Federal Arbitration Act Applies. ............................................................ 7

      C.    Plaintiff is Required to Arbitrate All of His Claims. ................................ 8

            1.    Plaintiff Agreed to Arbitrate His Disputes with U.S. Bank in the
                  Same Agreement Underlying Plaintiff's Claims Involving His
                  Bank Debt. ............................................................................................... 8

            2.    Plaintiff's Claims All Fall within the Broad Scope of the
                  Arbitration Provision in the Lease Agreement through Which U.S.
                  Bank Extended Credit to Plaintiff. .................................................... 9

      D.    The Arbitration Provision Mandates Individual, Nonclass Arbitration of
            Plaintiff's Claims. ............................................................................................. 11

IV.   CONCLUSION ........................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Express Co. v. Italian Colors Rest.*,
    570 U.S. 228 (2013)................................................................................6, 11, 12

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 (2011)................................................................................6, 11, 12

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
    475 U.S. 643 (1986)................................................................................9

*Brasil Construcoes Ltda. v. UEG Araucaria Ltda.*,
    638 F.3d 150 (2d Cir. 2011)................................................................9

*Citigroup, Inc. v. Abu Dhabi Inv. Auth.*,
    776 F.3d 126 (2d Cir. 2015)................................................................7

*Cohen v. UBS Fin. Servs., Inc.*,
    799 F.3d 174 (2d Cir. 2015)................................................................12

*David L. Threlkeld & Co. v. Metallgesellschaft Ltd. (London)*,
    923 F.2d 245 (2d Cir. 1991)................................................................7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983)................................................................................9

*Nicosia v. Amazon.com, Inc.*,
    834 F.3d 220 (2d Cir. 2016)................................................................7

*Preston v. Ferrer*,
    552 U.S. 346 (2008)................................................................................6

*Shetiwy v. Midland Credit Mgmt.*,
    959 F. Supp. 2d 469 (S.D.N.Y. 2013)................................................10, 12

*Specht v. Netscape Commc'ns Corp.*,
    306 F.3d 17 (2d Cir. 2002)................................................................7, 9

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
    599 U.S. 662 (2010)................................................................................11

**Statutes**

9 U.S.C. § 1................................................................................................2, 3

9 U.S.C. § 2.................................................................................................................6

15 U.S.C. § 1681s2-b..................................................................................................5

Fair Credit Reporting Act, 15 U.S.C. § 1681....................................................5, 8, 10

Federal Arbitration Act, 9 U.S.C. §§ 1–16 ......................................................... *passim*

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(1) ..........................................................1

Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA"), and Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant U.S. Bank National Association ("U.S. Bank") moves for an Order dismissing the putative class action claims of Plaintiff, Joel Grunfeld, in favor of arbitration proceedings on an individual basis, or, in the alternative, staying those claims pending the completion of individual arbitration proceedings.

## I.    INTRODUCTION

Plaintiff, Joel Grunfeld, is an automobile lease customer of U.S. Bank.  Plaintiff contends that U.S. Bank improperly reported Plaintiff's credit history based on the credit agreement (i.e., the automobile lease contract) between U.S. Bank and Plaintiff.  Putting aside that Plaintiff's allegations lack merit, Plaintiff brought this action in the wrong forum.  The written credit agreement between the parties requires that all claims in this action be arbitrated on an individual basis only—that is, on a nonclass, nonconsolidated, and nonrepresentative basis.  It requires arbitration of "a dispute of any kind" no matter how styled "arising from or relating to (a) the credit or services offered or provided to you" or "(b) the actions of you, us or third parties…."  *See* Exhibit A to Declaration of Lynn Kreimer  ("Kreimer Decl."), attached hereto as Exhibit 1, § 30.  Here, Plaintiff's claims are directly related to the "credit" provided by U.S. Bank to Plaintiff and to the "actions" of U.S. Bank in reporting Plaintiff's credit history to a credit reporting agency.  Thus, the parties' broad and unambiguous arbitration agreement covers all of Plaintiff's claims against U.S. Bank and requires that those claims be arbitrated on an individual, nonclass basis.

## II.    FACTUAL BACKGROUND

### A.    The Parties

U.S. Bank is a nationally chartered banking association with its principal place of business in Minneapolis, Minnesota.  Kreimer Decl. ¶ 2.  U.S. Bank is the fifth largest bank in

1

the United States and is a subsidiary of U.S. Bancorp. *Id*. U.S. Bancorp is a bank holding

company with its headquarters in Minneapolis, Minnesota, and is a Delaware corporation. *Id*.

As a full service consumer bank, U.S. Bank, directly and through subsidiaries and affiliates,

offers a broad range of consumer financial products, including providing financing for

consumer automobile leases. Kreimer Decl. ¶ 1. One such subsidiary of U.S. Bank is USB

Leasing LT, which provides financing for consumer automobile leases. *Id*. USB Leasing LT

is a Delaware statutory trust with its principal place of business in Chicago, Illinois. *Id*.

Plaintiff Joel Grunfeld is a resident of New York. Dkt. No. 1, Compl. ¶ 5. Also

named as a Defendant is TransUnion, LLC, which is a consumer credit reporting agency.

*Id*. ¶ 7. As further described below, Plaintiff's lawsuit challenges the credit reporting made

by U.S. Bank to TransUnion based on USB Leasing LT's provision of credit to Plaintiff in an

automobile lease transaction in 2013. Kreimer Decl. ¶¶ 4–5.

> **B.    The Controlling Lease Agreement Provides for the Arbitration of All Disputes on an Individual Basis.**

On April 30, 2013, Plaintiff entered into a lease transaction with WS Healey Chevrolet

Buick, Inc. by executing a U.S. Bank Motor Vehicle Lease Agreement the ("Lease Agreement").

Kreimer Decl. ¶ 5; Exhibit A to Kreimer Decl. § 1.[1] Under the terms of the Lease Agreement,

Plaintiff agreed to pay $7,371.56 upon signing, and $408.00 per month for 36 months for his

leased vehicle. Exhibit A to Kreimer Decl. § 3.

The Lease Agreement expressly provides that WS Healey Chevrolet Buick, Inc. would

assign the lease to USB Leasing LT. Kreimer Decl. ¶ 5. Specifically, Section 1 of the Lease

Agreement provides the definition of "we," "us," and "our" as used in the Lease Agreement to

include USB Leasing LT and its assigns, and provides: "The words 'we,' 'us,' and 'our' [as used

in the Lease Agreement] mean the Lessor named above [*viz.* WS Healey Chevrolet Buick, Inc.]

---

[1] A copy of the Lease Agreement is attached as Exhibit A to the Kreimer Declaration.

*and USB Leasing LT or its successors and assignees ('Assignee'), to whom this Motor Vehicle Lease ('Lease') will be assigned*." *Id.* (emphasis added). Shortly thereafter, USB Leasing LT assigned its interest in the Lease Agreement to U.S. Bank. Kreimer Decl. ¶ 6.

The Lease Agreement is the contract that governs the banking relationship between Plaintiff and U.S. Bank. It is a credit agreement between the parties, and establishes U.S. Bank's role as the creditor in its relationship with Plaintiff, the debtor. The only banking relationship that Plaintiff has with U.S. Bank is through this Lease Agreement. Kreimer Decl. ¶ 7. And as pertains to this lawsuit, Plaintiff's pre-lawsuit credit reporting disputes made to TransUnion and provided to U.S. Bank specifically concerned and were limited to the credit reporting related to Plaintiff's Lease Agreement transaction. Indeed, Plaintiff's Complaint concerns "US Bank debt [that] was being reported [to TransUnion] with a balance, despite the fact that US Bank previously discharged this debt . . . ." Compl. ¶ 26; *see also* Kreimer Decl. ¶ 7.

The Lease Agreement signed by Plaintiff informs Plaintiff that it is the governing contract between the parties. Specifically, Paragraph H of Section 29 (titled "Entire Agreement") informed Plaintiff to read the Lease before signing it "because only those terms in writing are enforceable," and that "[t]his Lease is a final expression of the credit agreement between you and us." Exhibit A to Kreimer Decl. § 29(H).

Critically, the Lease Agreement includes an arbitration section that, in the event of a dispute, permits either party to elect binding arbitration and that forbids any arbitration from proceeding on a class-wide basis:

> 30. <u>ARBITRATION</u>: You agree that if a dispute of any kind arises out of this agreement, either you or we can choose to have that dispute resolved by binding arbitration. If arbitration is chosen by any party, neither you nor we will have the right to litigate that claim in court or to have a jury trial on that claim, or to engage in pre-arbitration discovery, except as provided for in the arbitration rules. In addition, you will not have the right to participate as a representative or member of any class of claimants pertaining to any claim subject to arbitration. The arbitrator's decision will generally be final and binding. Other rights that you would have if you went to court may also not be available in arbitration. It is important that you read this entire arbitration provision carefully before accepting the terms of this agreement.

Any claim, dispute or controversy (whether in contract, regulatory, tort, or otherwise, whether pre-existing, present or future and including constitutional, statutory, common law, intentional tort and equitable claims) arising from or relating to (a) the credit or services offered or provided to you, (b) the actions of you, us or third parties or (c) the validity of this arbitration provision (individually and collectively, a "Claim") must, after an election by you or us, be resolved by binding arbitration in accordance with this arbitration provision and the Commercial Arbitration Rules of the American Arbitration Association ("AAA") in effect when the Claim is filed (or, in the event this arbitrator or these arbitration rules are no longer available, then a comparable substitute arbitration procedure and/or arbitration organization that does business on a nationwide basis). There shall be no authority for any Claims to be arbitrated on a class action basis. An arbitration can only decide our or your Claim and may not consolidate or join the claims of other persons who may have similar claims. You may obtain rules and forms by calling the AAA at 800-778-7879. Any arbitration hearing that you attend will take place in the federal judicial district where you reside. At your request, we will advance the first $250 of the filing and hearing fees for any Claim you may file against us; the arbitrator will decide whether we or you will ultimately pay those fees. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, and shall honor claims of privilege recognized at law. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. This arbitration provision shall survive repayment of your extension of credit and termination of your account. This arbitration provision shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*. If any provision of this Section is ruled invalid or unenforceable, this Section shall be rendered null and void in its entirety.

Exhibit A to Kreimer Decl. § 30.

In short, the arbitration provision in the controlling Lease Agreement governs the credit agreement between the parties and unambiguously requires that: (1) at the election of either U.S. Bank or Plaintiff, "[a]ny claim, dispute, or controversy," regardless of how styled, "arising from or relating to (a) the credit or services offered or provided to you" or "(b) the actions of you, us or third parties" must be arbitrated, (2) the arbitration will proceed on an individual basis only and "[t]here shall be no authority for any Claims to be arbitrated on a class action basis;" and (3) the ability of either party to require arbitration "shall survive repayment of your extension of credit and termination of [Plaintiff's] account." *Id*.

**C.      Plaintiff Filed This Action and, in so Doing, Ignored His Agreement to Arbitrate His Disputes with U.S. Bank.**

Notwithstanding the arbitration provision in the Lease Agreement requiring Plaintiff to arbitrate all disputes pertaining to his credit agreement with U.S. Bank and otherwise related to the actions of U.S. Bank, Plaintiff filed this lawsuit on December 24, 2019. The gist of the lawsuit is Plaintiff's claim that TransUnion was inaccurately reporting Plaintiff's U.S. Bank debt for the Lease Agreement on Plaintiff's credit report because, as Plaintiff alleges, U.S. Bank previously discharged that debt and reported that discharge to Plaintiff. Compl., ¶ 26. U.S. Bank's only banking relationship with Plaintiff is the credit transaction memorialized in the Lease Agreement. Kreimer Decl. ¶ 7. And while the Complaint is sparse on details as to U.S. Bank, the allegations in the Complaint concerning allegedly improper credit reporting by U.S. Bank relate *exclusively* to the credit provided to Plaintiff under the Lease Agreement. *Id.*

Based on his challenge to the manner in which U.S. Bank was reporting Plaintiff's credit history to TransUnion, Plaintiff brings claims against U.S. Bank for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). Specifically, in Count III, Plaintiff alleges that U.S. Bank violated 15 U.S.C. § 1681s2-b by, among other things, failing to investigate properly the manner in which it was reporting Plaintiff's credit history to TransUnion. Compl., ¶ 55. And in Count IV, Plaintiff alleges that U.S. Bank violated 15 U.S.C. § 1681s2-b by failing to reinvestigate properly the manner in which it was reporting Plaintiff's credit history in connection with the Lease Agreement. *Id.* ¶ 66. Plaintiff purports to bring his claims on behalf of a class. *Id.* ¶¶ 12–23. Since all of Plaintiff's claims, however styled, pertain to the "credit or services" provided by U.S. Bank and challenge the "actions of" U.S. Bank, Plaintiff's claims are subject to individual arbitration under the Lease Agreement.

**D.     U.S. Bank Has Elected to Proceed with Arbitration.**

On February 13, 2020, U.S. Bank's counsel wrote to Plaintiff's counsel, noted the mandatory arbitration provision, and informed Plaintiff's counsel that U.S. Bank was electing to arbitrate the claims on an individual basis.  *See* Exhibit A to Declaration of Kenneth M. Kliebard ("Kliebard Decl."), attached hereto as Exhibit 2.  In response, Plaintiff's counsel refused to abide by Plaintiff's agreement to arbitrate the dispute.  *See* Exhibit B to Kliebard Decl.  As described below, the Court should dismiss this action in favor of individual arbitration.

**III.   ARGUMENT**

**A.     The Court Should Grant U.S. Bank's Motion to Compel Arbitration.**

The Federal Arbitration Act (the "FAA") states that "[a] written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of [the] contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The Supreme Court has repeatedly interpreted Section 2 of the FAA to reflect both "a liberal federal policy favoring arbitration" and "the fundamental principle that arbitration is a matter of contract."  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal quotations and citations omitted).  The statute's "principal purpose . . . is to ensure that private arbitration agreements are enforced according to their terms."  *Id.* at 344 (internal quotations and citation omitted).  This "policy favoring arbitration" supersedes any "state [law that] attempts to undercut the enforceability of arbitration agreements."  *Preston v. Ferrer*, 552 U.S. 346, 353 (2008) (citing *Southland Corp. v. Keating*, 465 U.S. 1, 10, 16 (1984)).  Thus, under the FAA, "courts must 'rigorously enforce' arbitration agreements according to their terms."  *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013); *see, e.g.*, *Concepcion*, 563 U.S. at 339–44.  This rule requires courts to enforce class action waivers in arbitration agreements.  *Concepcion*, 563 U.S. at 344.

Once the moving party demonstrates that the FAA applies, the court's role is limited to deciding "question[s] of arbitrability," namely, (1) whether the parties have agreed to arbitrate and, if so, (2) whether the agreement's arbitration provision encompasses the dispute.  *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016); *see also Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 129 (2d Cir. 2015); *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 26 (2d Cir. 2002).

Here, pursuant to these well-settled principles, it is clear that: (a) the FAA applies to the Lease Agreement; (b) all of Plaintiff's claims fall within the scope of the arbitration provision in the Lease Agreement; and (c) consistent with controlling law and the parties' arbitration agreement, Plaintiff may only pursue his claims in arbitration on an individual basis and may not pursue class-wide claims or relief.  Accordingly, Plaintiff's putative class action should be dismissed in favor of individual arbitration.

**B.      The Federal Arbitration Act Applies.**

The FAA "applies to all 'contract[s] evidencing a transaction involving commerce . . . .'" *David L. Threlkeld & Co. v. Metallgesellschaft Ltd. (London)*, 923 F.2d 245, 249 (2d Cir. 1991) (quoting 9 U.S.C. § 2).  The FAA "defines 'commerce' as interstate or international commerce." *Id*. (quoting 9 U.S.C. § 1).  Here, Plaintiff's agreement to arbitrate unquestionably falls within the FAA's purview.  Plaintiff is a citizen of New York (Compl., ¶ 5.) and U.S. Bank is a nationally chartered banking association with its principal place of business in Minnesota.  Kreimer Decl. ¶ 2.  USB Leasing LT is a subsidiary of USB Leasing LLC, which in turn is a subsidiary of U.S. Bank.  *Id*.  USB Leasing LT is a Delaware statutory trust with its principal place of business in Illinois, and USB Leasing LLC is a Delaware limited liability company.  *Id.*

The claims at issue unquestionably involve interstate commerce, as Plaintiff alleges that the dispute at issue is related to "[credit] information regarding a US Bank debt" that was "furnished by Defendant US Bank . . . [to] and published by Defendant Transunion," Compl., ¶¶ 25–26, a consumer credit reporting agency who "conducts substantial and regular business activities in [New York]." *Id.* ¶ 7.  Moreover, the arbitration provision in the Lease Agreement expressly states that "[t]his arbitration provision shall be governed by the Federal Arbitration Act." Exhibit A to Kreimer Decl. § 30.  For these reasons, the FAA and its presumption in favor of arbitration unquestionably applies here.

### C.   Plaintiff is Required to Arbitrate All of His Claims.

#### 1.   Plaintiff Agreed to Arbitrate His Disputes with U.S. Bank in the Same Agreement Underlying Plaintiff's Claims Involving His Bank Debt.

The Lease Agreement is the contract that governs the debtor-creditor relationship between Plaintiff and U.S. Bank that is the subject of this litigation.  Here, U.S. Bank is a creditor and Plaintiff is a debtor.  Plaintiff acknowledges this by alleging that this claims relate to his "US Bank debt." Compl., ¶¶ 25–26.  Indeed, as established above and in the accompanying declaration of Lynn Kreimer, Plaintiff signed the Lease Agreement requiring arbitration of all claims relating to the credit provided by U.S. Bank and the actions of U.S. Bank.  Kreimer Decl. ¶¶ 6-8; Exhibit A to Kreimer Decl. § 30.  In other words, and as detailed below, Plaintiff has sued U.S. Bank for violating the FCRA based on the manner in which U.S Bank was reporting the *"credit"* that U.S. Bank provided to Plaintiff in the Lease Agreement and the *"actions"* of U.S. Bank.  Compl., ¶¶ 3, 25; Exhibit A to Kreimer Decl. § 30.  Accordingly, there is no dispute that Plaintiff agreed to the arbitration requirement in the Lease Agreement and that Plaintiff is obligated to arbitrate his claims in this lawsuit.

2.      **Plaintiff's Claims All Fall within the Broad Scope of the Arbitration Provision in the Lease Agreement through Which U.S. Bank Extended Credit to Plaintiff.**

There is a well-settled presumption in favor of the arbitrability of disputes.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 24 (1983) (holding courts should resolve all doubts in favor of arbitration).  In accordance with this presumption, the Second Circuit has long held that courts must "construe the parties' intentions 'generously' in favor of arbitrability," and "any ambiguity in the contract must be resolved in favor of arbitration." *Bechtel do Brasil Construcoes Ltda. v. UEG Araucaria Ltda.*, 638 F.3d 150, 154 (2d Cir. 2011) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)); *see also Specht*, 306 F.3d at 35.

The Second Circuit has also established that, "in determining whether a particular claim falls within the scope of the parties' arbitration agreement, this Court focuses on the factual allegations in the complaint rather than the legal causes of action asserted."  *Specht*, 306 F.3d at 36 (internal quotation and citation omitted).  And, as long as plaintiff's allegations "touch matters" covered by the parties' arbitration clause, plaintiffs' claims must be arbitrated.  *Id*.  The Supreme Court has held, consistent with the presumption in favor of arbitration, that a dispute must be arbitrated unless there is "positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  *AT&T Techs., Inc. v. Commc'ns Workers of Am*., 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of Am. v. Warrier & Gulf Navigation Co*., 363 U.S. 574, 582–83 (1960)).

Here, the scope of arbitration at issue is broad.  The arbitration provision in the Lease Agreement requires arbitration of:

- "Any claim, dispute or controversy . . . arising from or relating to **(a) the credit or services offered or provided to you** . . . ."

- "Any claim, dispute or controversy . . . arising from or relating to . . . **(b) *the actions of you, us or third parties* . . . .**"

Exhibit A to Kreimer Decl. § 30 (emphasis added).  All claims are subject to arbitration "whether in contract, regulatory, tort, or otherwise, whether pre-existing, present or future and including constitutional, statutory, common law, intentional tort and equitable claims."  *Id*.

Here, all of Plaintiff's claims are arbitrable for multiple independent reasons.  First, Plaintiff brings his action under the FCRA, and statutory claims are expressly covered by the arbitration provision.  Second, this dispute arises from the "credit" agreement between U.S. Bank and Plaintiff under the Lease Agreement, and lease payments or transactions that resulted in Plaintiff's "U.S. Bank debt," and the manner in which U.S. Bank had reported Plaintiff's credit to TransUnion.  Thus, Plaintiff's claims as to U.S. Bank are covered by Section 30(a) of the arbitration provision because they relate to "credit" provided by U.S. Bank, the creditor, to Plaintiff, the debtor, under Plaintiff's Lease Agreement, and the debt associated with the U.S. Bank account based on the credit provided by U.S. Bank to Plaintiff.  And third, Plaintiff claims U.S. Bank reported Plaintiff's "U.S. Bank debt" inaccurately to TransUnion.  Thus, Plaintiff's claims as to U.S. Bank are also covered by the arbitration provision in Section 30(b) of the Lease Agreement because they relate to U.S. Bank's "actions" in reporting Plaintiff's debt under the Lease Agreement to TransUnion.  *See* Compl., ¶ 30.

Because Plaintiff's claims and allegations "arise from or relate to" the ***credit*** that U.S. Bank provided Plaintiff associated with his lease payments, and U.S. Bank's ***actions*** in reporting Plaintiff's credit history to TransUnion and then supposedly failing to reinvestigate adequately that reporting, Plaintiff's claims fall within the parties' agreement to arbitrate under the Lease Agreement for multiple reasons and must be arbitrated.

-10-

### D.   The Arbitration Provision Mandates Individual, Nonclass <u>Arbitration of Plaintiff's Claims</u>.

It is well-settled that the Court must enforce the parties' arbitration agreement as written, including its clear mandate that the arbitration proceed on an individual basis.  *See, e.g.*, *AT&T Mobility* LLC, 563 U.S. at 344; *accord Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 599 U.S. 662, 683 (2010) ("Underscoring the consensual nature of private dispute resolution … parties are 'generally free to structure their arbitration agreements as they see fit.'" (citations omitted)).

Indeed, the Supreme Court has repeatedly rejected challenges to class action waivers in arbitration agreements.  For instance, in *AT&T Mobility*, the Supreme Court held that the FAA preempted a state rule that precluded enforcement of class action waivers in arbitration agreements.  563 U.S. at 343, 352 (stating that such a rule "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" in establishing the FAA).  The Supreme Court further reasoned that "[r]equiring the availability of classwide arbitration," contrary to the parties' contractual agreement, "interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." *Id.* at 344.

After *AT&T Mobility*, the Supreme Court in *American Express Co. v. Italian Colors Restaurant* overturned a Second Circuit rule that allowed courts to reject class action waivers in arbitration agreements for federal statutory claims if the plaintiff would incur prohibitive costs to arbitrate an individual case.  570 U.S. at 239.  Because the "principal purpose" of the FAA "is the enforcement of arbitration agreements according to their terms," the Supreme Court held that the "FAA does not sanction" any such basis for refusing to enforce the arbitration agreement's class action waiver.  *Id.* at 238 n.5, 239.  Indeed, refusing to enforce a class action waiver would improperly "destroy" the parties' agreement for the "speedy resolution that . . . bilateral arbitration in particular was meant to secure."  *Id.* at 239.

In fact, courts have repeatedly upheld the very type of class action waiver that is at issue here. Following *AT&T Mobility* and *Italian Colors*, courts in this circuit have enforced arbitration clauses like the one at issue here in the Lease Agreement, and ordered individual, nonclass arbitration on claims, like those asserted by Plaintiff here, which fall within its broad ambit. *See, e.g.*, *Cohen v. UBS Fin. Servs., Inc.*, 799 F.3d 174, 180 (2d Cir. 2015) (holding that since an individual "waived the right to bring his claims on a class or collective basis (and because those waivers are enforceable), only his individual claims remain"); *Shetiwy v. Midland Credit Mgmt.*, 959 F. Supp. 2d 469, 475 (S.D.N.Y. 2013) (granting defendant banks' motion to compel arbitration on an individual basis and stating that the FAA "mandate[s] that courts enforce arbitration clauses, including those with class action waivers, as written").

Here, the arbitration provision in the Lease Agreement clearly and unambiguously states that claims will be arbitrated on an individual basis and, further, that there is no right for any claim to be arbitrated on a class action basis or in a representative capacity. The arbitration provision in the Lease Agreement expressly states:

- "In addition, you will not have the right to participate as a representative or member of any class of claimants pertaining to any claim subject to arbitration."

- "There shall be no authority for any Claims to be arbitrated on a class action basis."

- "An arbitration can only decide our or your Claim and may not consolidate or join the claims of other persons who may have similar claims."

Exhibit A to Kreimer Decl. § 30. U.S. Bank has elected to proceed with arbitration on an individual basis. Kreimer Decl. ¶ 9. Because the arbitration provision requires arbitration of Plaintiff's claims, but prohibits arbitration of Plaintiff's claims on a class action or representative basis, this Court should compel arbitration of Plaintiff's claims on an individual, nonclass basis.

## IV.   <u>CONCLUSION</u>

For all of these reasons, the Court should dismiss Plaintiff's claims pending arbitration of the claims on an individual, nonclass basis.  In the alternative, the Court should stay the claims pending individual arbitration.

Dated:  February 20, 2020

Respectfully submitted,

<u>/s/ Kenneth M. Kliebard</u>
Kenneth M. Kliebard
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
Tel:  (312) 324-1000
Fax:  (312) 324-1001
kenneth.kliebard@morganlewis.com

Victoria Peng
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Tel:  (212) 309-6000
Fax:  (212) 309-6001
victoria.peng@morganlewis.com

*Attorneys for Defendant U.S. Bank, N.A.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 20, 2020, I caused a true and correct copy of the

foregoing Defendant U.S. Bank National Association's Memorandum of Law in Support of its

Motion to Dismiss, Or in the Alternative, to Stay the Action in Favor of Individual Arbitration to

be served on all counsel of record via the Court's CM/ECF system.


/s/ *Victoria Peng*
Victoria Peng